## MARTIN BEATTY vs. ELIZA E. PARKER.

Suffolk. Jan. 13. — May 7, 1886. DEVENS & GARDNER, JJ., absent.

A drain-pipe, extending from the cellar of a house in a city through the cellar wall, yard, and street into a sewer, and included in the contract for building the house, which is fitted for the use of the city water, is a part of the house, for the laying of which a lien, under the Pub. Sts. c. 191, may be maintained; and it is immaterial that the fee of the street is not in the owner of the house.

The owner of land made a contract with A. to erect a house for him, including the laying of a drain-pipe. A. contracted with B. to lay the pipe at a fixed price, and B. employed C. to do a part of the work and furnish the materials therefor. C.'s employment was known to A. *Held*, that C. could maintain a lien, under the Pub. Sts. c. 191, for the work and materials so furnished by him.

PETITION to enforce a mechanic's lien, under the Pub. Sts. c. 191. Trial in the Superior Court, without a jury, before *Barker*, J., who reported the case for the determination of this court, in substance as follows:

It appeared that the respondent, being the owner of the land on which the lien was sought to be enforced, had employed one Currier to erect upon it a house, in which were to be conveniences for the use of the city water, which were also to be connected with the street sewer; that Currier had employed one

Wright to do the lathing upon the house, and also to connect the water conveniences in the house with the sewer by a drain-pipe to be laid in the cellar, and thence through the cellar wall and through the front yard and street to the sewer; and that Wright was to have seventy-five cents per lineal foot for putting in the drain.

Before October 8, 1883, the house had been finished, except the drain, and Wright had laid the drain in the cellar and through the front cellar wall, and had marked the outside end of the drain by a board standing in the yard near the front wall of the house; and then, without other authority from the respondent than that derived from his contract with Currier, and without the respondent's knowledge, employed the petitioner to connect the drain with the sewer.

In pursuance of this employment, the petitioner began work on October 8, 1883, excavated a trench from the front wall of the cellar to the sewer, and laid in it a drain connected at one end with the sewer, and at the other with the drain already laid by Wright. In making the latter connection, he necessarily removed and replaced some of the stones of the cellar wall. He filled the ditch and completed his work, so far as was then possible, on October 18, 1883; but, on October 30, 1883, performed and furnished some labor in refilling the ditch with dirt reserved for that purpose, the dirt in the ditch having so settled as to make such refilling necessary.

When the petitioner began work, he was shown a mark indicating the direction in which the sewer opening was to be found. By negligence on his part, he did not make his trench in a direct course for the opening, and so dug more lineal feet of trench than would otherwise have been necessary, and a portion of the labor charged for in his account was expended in excavating and filling the unnecessary and unused trench. By his carelessness in filling up the trench after laying the pipe, the pipe was so broken as to be unserviceable, and the respondent was afterwards compelled to remedy this defect.

In his whole work on the job, the petitioner performed and furnished the labor, and furnished the materials, charged in his account set out in his statement of lien, which was filed on November 21, 1883, and the rates so charged were reasonable.

If he had not made the mistake in the direction of his trench, the amount of labor would have been one eighth less. The damage to the respondent by the petitioner's negligence in so filling his ditch as to break the pipe was $10. The house was occupied by tenants before the petitioner finished his work. It was designed as a dwelling-house, to be rented to families who were expected to use the city water for domestic purposes, and no provision for disposing of the refuse water or the sewage was planned or provided, except this drain.

The length of that part of the drain which was in the cellar was twenty-five feet; from the cellar to the line of the street, ten feet; and from the street line to the sewer, twenty-seven feet.

Before beginning his work, the petitioner gave no notice, under the statute, to the respondent. While he was at work, Currier was once or twice on the premises, and saw him and his men at work there, and had some conversation with them.

After the work was done, on January 5, 1884, Wright offered to pay the petitioner for the work the sum of $28.50, which the petitioner declined to accept, and Currier has paid Wright for building the whole drain at the rate of seventy-five cents per foot.

The petitioner made and filed his account and statement of lien in good faith, believing the same to be a just and true account of the amount due to him.

The judge deducted from the petitioner's whole charge for labor a sum equal to one eighth thereof, for the labor expended in excavating and refilling that part of the trench which was not used for the drain owing to the mistake in alignment, and $10 for the damage caused by carelessly crushing the drain-pipe; found that there was justly due the petitioner for labor on the whole job, at the date of the filing of the statement of lien, the sum of $81.83, of which sum $14.80 was for the labor on that part of the drain between the cellar and the street; ruled that the petitioner was not entitled to a lien; and found for the respondent.

If the ruling was correct, judgment was to be entered for the respondent for costs; if incorrect, and if the petitioner was entitled to a lien for the labor performed and furnished on the whole drain outside the cellar, judgment was to be entered for

the petitioner for his costs, and his lien to be established for the sum of $81.83 and interest; or for the sum of $14.80, if he is entitled to a lien for so much of the labor only as was performed and furnished on that part of the drain between the cellar and the street.

*F. S. Nickerson*, for the petitioner.

*C. L. B. Whitney*, for the respondent.

W. ALLEN, J. The drain-pipe was part of the house. The house was built upon a street in which there was a sewer, and was fitted for the use of the city water, to which connection with the sewer was essential. The piping, inside of the house, and outside of it to the sewer, was necessary to the use of the house and a part of it, and was included in the contract for building it. The house would be incomplete and unfinished without the pipe, and it would pass by a deed of the house as a part of it. It is immaterial whether it was inside or outside the walls of the house, or whether it was above ground or under ground, or whether it extended one foot or thirty feet. It is immaterial also whether the fee of the land in the street was or was not in the owner of the lot. It must be assumed that the pipe was rightfully laid to the sewer, even if the fee of the street was not in the respondent. The pipe did not become the property of the owner of the fee of the street, but belonged to the owner of the house, and he had an interest in the soil of the street to sustain his pipe, which could pass by a deed of the lot.

Currier was employed by the respondent to erect the house, including the laying of the pipe. Wright contracted with Currier to lay the pipe at a fixed price, and employed the petitioner to do the labor and furnish the materials. Wright was authorized to consent to the work done by the plaintiff. *Parker* v. *Bell*, 7 Gray, 429. But if Wright had not authority, Currier certainly had, and the work was done by the petitioner with his knowledge, and implied, if not express consent. According to the report, the lien must be established for the sum of $81.83, and interest from the time of filing the petition.

*Ordered accordingly.*