Steger, Assignee, *v.* Arctic Refrigerating Company.

STEGER, Assignee, *v.* ARCTIC REFRIGERATING COMPANY.

## (*Nashville.* January 1, 1891.)

1. MECHANICS' LIEN. *Statutes creating liberally construed.*

   Doctrine re-affirmed and declared a "fixed policy" that statutes creating liens upon real estate in favor of those who, under contract with the owner, have furnished labor or materials for erection of buildings, machinery, etc., thereon, are construed liberally in favor of lien-holders as regards the subject-matter to which the lien should attach.

   Code construed: §2739 (M. & V.); §1981 (T. & S.).

   Cases cited and approved: Alley *v.* Lanier, 1 Cold., 541; Burr *v.* Graves, 4 Lea, 557; Barnes *v.* Thompson, 2 Swan, 314; Halley *v.* Alloway, 10 Lea, 524; Kay *v.* Smith, 10 Heis., 43.

   Cited and distinguished: Luter *v.* Cobb, 1 Cold., 528.

2. SAME. *Case in judgment. Illustration of doctrine.*

   The Arctic Refrigerating Company erected a factory upon a lot in Nashville for the manufacture of vapor for "cold storage." By permission of the city this company laid subterranean pipes in the streets, connecting with its factory, to convey the vapor to its customers. P. supplied labor and materials in erection of the factory, and also furnished and laid down the pipes in the streets.

   *Held:* The plant, including lot, factory, pipes, etc., is an entirety, and P.'s lien for materials furnished or labor done upon any part of it attached to the whole.

   Cases cited and approved: 101 U. S., 443; 141 Mass., 523.

   Cited and distinguished: 6 Wall., 561.

3. SAME. *Takes precedence of attorney's fees, when.*

   The mechanics' lien is paramount to attorney's lien or claim for fees upon this state of facts: After the mechanics' lien had attached to realty, the owner made a general assignment of all his property for the benefit of his creditors. Under bill filed by the assignee, for the purpose of selling property and adjusting liens and claims of creditors,

the encumbered land was sold for less than the lien-holder's claim. The assignee resisted the mechanics' lien, and the holder of this lien employed counsel and asserted it over the assignee's resistance. The assignee's attorney claimed fees out of fund realized from sale of the land.

Cases cited and approved: Hays *v*. Dalton, 5 Lea, 560; Pierce *v*. Lawrence, 16 Lea, 572; Blackburn *v*. Clarke, 85 Tenn., 507.

---

## FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

STEGER, WASHINGTON & JACKSON for Steger.

J. P. HELMS for Mrs. Perry.

DICKINSON, Sp. J. The Arctic Refrigerating Company, a corporation created by the State of Tennessee, organized for manufacturing vapor to be used for "cold storage," erected in Nashville buildings, with appliances and machinery, necessary for that purpose.

As a part of its business it proposed to furnish cold vapor to consumers at a distance, supplying the same by pipes laid in the ground through the streets, connecting the storage compartments of such customers with the factory.

Appellant, Mrs. Medora Perry, a single woman,

who owned a machine-shop in the city of Nashville, supplied machinery and labor in the building of this factory, and also furnished and laid in the streets pipe for transmitting cold vapor.

. The first question presented for decision is whether or not the material and labor for the pipe laid in the streets is secured by a mechanic's lien on the ground where the factory was located.

It is insisted on the one hand that the lien only extends to work and labor done and materials furnished upon the realty owned by the company. For Mrs. Perry it is contended that the plant, considered in reference to its purposes, must be taken as an entirety, and that the pipes laid in the streets, by license of the city, for the purpose of conveying the cold vapor to consumers, are essential for carrying on the business contemplated, and that work done upon any part of the plant thus considered as an entirety is protected by a mechanic's lien commensurate with the whole. The language of the statute (§ 2739 of the Code) is: "There shall be a lien upon any lot of ground or tract of land upon which a house has been constructed, built, or repaired," etc. Taken literally, it would seem that the lien is confined to the ground upon which the work has been done.

In *Alley & Bush* v. *Lanier*, 1 Cold., 541, the Court (Judge Caruthers delivering the opinion), said: "The manifest intention of the Legislature to secure and protect the laborer in his wages, and thereby to promote and encourage improve-

ments, should not be defeated by a too rigid construction of the language employed," and that "a liberal construction should be placed upon it to carry out the purposes intended;" and held that the language in the Act—"lot of ground or tract of land upon which a house has been constructed, built, or repaired, * * * by special contract with the owner," etc.—covered a leasehold interest.

In *Burr* v. *Graves*, 4 Lea, 557, Cooper, Judge, says: "The lien is favored by the Legislature, and should not be hazarded by dangerous niceties in its enforcement."

In *Barnes* v. *Thompson*, 2 Swan, 314, the Court says: "The object of the Legislature was to secure to an industrious, meritorious class of the community the benefit of their labor, and the Act should be so construed as to carry out this laudable purpose. The manifest intention and policy of the Legislature should not be defeated by a too rigid construction of their language."

Pursuing this policy of liberal construction in *Holly* v. *Alloway*, 10 Lea, 524, the Court held that the lien extended to scenery, seats, etc., in theaters, and looked to the character and purposes of the structure, saying: "In getting up a theater the whole building, considered in reference to its uses, makes the house contracted for; all that serves to complete and furnish such a house, for the purpose designed, makes up the house, and is part of it when completed."

In *Luter* v. *Cobb*, 1 Cold., 528, Judge McKinney says that this lien must be taken strictly. However, it appears that he was in that case referring to the limitation prescribed by the statute for asserting such lien, and not to the application of the lien.

This distinction is pointed out by Judge Deaderick in *Kay* v. *Smith*, 10 Heis., 43.

Having in view, then, the purposes of the statute and the rule of liberal construction, which has become a fixed policy in this State, is the lien in this case confined to work and material put within the boundaries of the realty belonging to the company? While in this case the pipes laid in the street constituted, in comparison to the rest, but a small part of the entire plant with its appurtenances for carrying on the business, yet it may readily be conceived that, in a business of this character, the conditions might be entirely reversed, and in extensive works erected for such a purpose, and successfully operated, under liberal patronage, appliances such as pipe, etc., outside of the realty where the product furnished is manufactured, might constitute by far the most costly part of the plant.

The business now contemplated is new in character and unfamiliar, but it is not unlike, so far as the connection between the generating point and the consumer is concerned, the arrangement of a gas company. The pipes are just as essential for carrying on the business as the machinery and buildings for manufacturing the product, and

the severance of either from the other destroys in like degree the efficiency of the whole. The pipes and the license or easement under which they are laid would certainly pass under a sale of the property as an entirety and for operating purposes, no reservation being made.

In *Canal Company* v. *Gordon,* 6 Wall., 561, upon a statute similar to. the one under consideration, it was held that where work was done upon an extension of a canal, the mechanic's lien would not extend to the whole canal. The Court, however, placed its decision upon the ground that the old and new sections of the canal were distinct works—one having been finished and in use before the other was contracted for.

The same question came before the Supreme Court in *Brooks* v. *Railway Company,* 101 U. S., 443, upon a statute similar to ours in respect to the question now under consideration, and it was held that the lien for labor and material furnished upon a section of railroad in process of construction would extend over the entire road.

The language of the statute in that case was as follows: "The lien for the things aforesaid, or work, shall attach to the building, erections, or improvements for which they were furnished, or done, in preference to any prior lien or incumbrance or mortgage *upon the land upon which the same is erected or put,*" etc.

It will be observed that in express terms the lien is confined to the building on the land upon

which the same is erected. The Court put the decision upon the ground that the road was an entire improvement, notwithstanding that it was built in sections. The Court said (page 451): "It is not easy to see how it can be held to be one road for the purposes of the mortgage and two or three pieces of road for the purposes of the mechanic's lien." This was in view of the fact that other portions of the road were built under a different contract.

The case of *Canal Company* v. *Gordon* is distinguished upon the ground above stated.

In *Beatty* v. *Parker*, 141 Mass., 523, it was held that a drain-pipe, extending from the cellar of a house into a sewer in the street, was a part of the house, for the laying of which a mechanic's lien could be maintained, and that it was immaterial that the fee of the street was not in the owner of the house. The Court said:

"The piping inside of the house, and outside of it to the sewer, was necessary to the use of the house and a part of it, and was included in the contract for building it. The house would be incomplete and unfinished without the pipe, and it would pass by a deed of the house as a part of it. It is immaterial whether it was inside or outside the walls of the house, or whether it was above ground or under ground, or whether it extended one foot or thirty feet. It is immaterial also whether the fee of the land in the street was or was not in the owner of the lot. It must be

assumed that the pipe was rightfully laid to the sewer, even if the fee of the street was not in the respondent. The pipe did not become the property of the owner of the fee of the street, but belonged to the owner of the house, and he had an interest in the soil of the street to sustain his pipe, which could pass by a deed of the lot."

Taking into consideration the character of the plant as an entirety, we hold that the mechanic's lien extended over each and every part of it.

The next question presented is, whether the fees of the attorneys for the assignee are paramount to the lien of Mrs. Perry.

The company failed and made an assignment, and a bill was filed by the assignee to have the property sold, and to adjust the claims and liens of creditors.

The attorneys of the assignee have resisted in the lower Court and here the lien of Mrs. Perry. The Chancellor decreed that a portion of the fees for services rendered should be paramount to the liens of mechanics and furnishers.

From this decree no one appealed but Mrs. Perry, and she alone can now raise that question in this Court. Her rights were fixed by statute. The filing of the bill did not in any way benefit her. On the contrary, the whole proceeding was hostile to her interest.

In *Hays* v. *Dalton*, 5 Lea, 560, it was held that "the lien of counsel of complainant upon the rents of a tract of land recovered, which had been

sold under void judicial proceedings, is inferior to that of the purchaser upon the excess of such rents over betterments and taxes for the repayment of his purchase-money at such void sale."

In *Pierce* v. *Lawrence*, 16 Lea, 572, the Court held that the lawyer's lien on land will not affect the rights of any other person having a prior lien.

In *Blackman* v. *Clarke*, 1 Pickle, 507, the attorney's lien was confined to the ultimate recovery to his client, and limited to the surplus after the paramount claim was paid.

The assignee, in this case, took the property subject to the mechanics' liens, and his rights would be limited to the surplus after they are satisfied.

In this case Mrs. Perry has employed her own counsel to establish her lien against the resistance of the attorneys of the assignee.

The decree of the Chancellor was erroneous in reducing the fund to which she looked by taxing it with a portion of counsel fees. The case will be remanded for further proceedings in accordance with this opinion.