MARY E. HARRIS v. JAMES D. SCOVEL.

*Deed—Fence-rails—Personalty.*

1. Rails piled upon land at the time of its conveyance by a warranty deed, without exceptions, are personal property, and do not pass to the grantee unless by agreement of the parties.
2. There can be no claim t..at fence-rails are of *necessity* part of the realty unless they are in a fence, and even then they may remain personalty, if such was the agreement of the parties interested at the time the fence was built; citing *Curtis v. Leasia*, 78 Mich. 480.

Error to Wayne. (Hosmer, J.) Argued January 23, 1891. Decided February 27, 1891.

Trover. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Fraser & Gates*, for appellant.

*Hamilton & Baluss* and *Cutcheon, Stellwagen & Fleming*, for plaintiff.

MORSE, J. This is an action of trover for the conversion of 2,000 fence-rails, commenced in justice's court, and subsequently appealed to the circuit court of Wayne county. Plaintiff recovered judgment in both courts.

The plaintiff, in the partition of real estate, February 6, 1886, became the owner of a piece of land 175 feet wide and 1,601 feet in length. There was then a fence on the land which, before the partition, made a lane. She sold the land to defendant October 3, 1888. The deed of conveyance was a warranty deed in the ordinary form. Having no use for a lane on the premises, about a year before she sold to the defendant the plaintiff took down the fence, and piled up the rails on the premises,

intending, as she testifies, to remove them to a farm that she owned in Dearborn. She had drawn 84 posts upon this land, and made some preparation to build a board fence as a division fence between her land and that of others, as, at the time the partition was made, it left the premises allotted to her open and unfenced. She testified, against objection, that at the time she made the agreement with defendant to sell him the land she reserved the rails. There was no reservation in the deed. The rails, prior to being piled up by plaintiff, had been in this lane fence nearly 50 years. Plaintiff had no use for the lane after the partition. Defendant testified that plaintiff, when making the agreement to sell, wanted to reserve the rails, but he would not consent to it, and bought the place as it was.

The circuit judge submitted the question to the jury, instructing them that the rails piled upon the premises, and not being in any existing fence at the time of the sale, were personal property, and that, unless they found that the plaintiff sold the rails to the defendant,—agreed that they should go with the land,—she was entitled to recover. The court was right, and the judgment must be affirmed. Rails piled up, under the circumstances that these were, are personal property. There can be no claim that fence-rails are of necessity part of the realty unless they are in a fence, and even in such case they may remain as personalty, if such be the agreement between the parties interested at the time the fence is built. *Curtis v. Leasia,* 78 Mich. 480.

The contention is made that plaintiff is estopped from claiming these rails, because, following the description by metes and bounds of the premises in her warranty deed to defendant, the deed continues as follows:

"Being the same premises which were assigned by said

85 MICH.—3.

commissioners in partition to Mary E. Harris, &ast; &ast; &ast; together with all and singular the hereditaments and appurtenances thereunto belonging," etc.

It is argued that she thereby conveyed these rails, because they were a part of the realty when she received it in partition. We do not consider this statement in the deed to be, or to have been intended to be, a covenant that the premises were to be conveyed to defendant in exactly the same condition as to fences, timber, and growing crops as they were when she received them. Such a construction would be absurd. If the rails must pass under the warranty because of this clause, then she must also account, under such warranty, to the defendant for all the timber standing or crops growing upon the premises when she received them by partition, which she may have removed since that time and before the sale to defendant. The deed cannot in reason be so construed.

Affirmed, with costs.

The other Justices concurred.