BARNEY BLUE *v.* L. F. GUNN.

(*Nashville,* December Term, 1904.)

FIXTURES. Commercial finishing materials deposited in a building to be used in finishing it, but not physically attached thereto, do not pass in conveyance of land, when not mentioned.

Commercial finishing materials for a building, such as doors, mantels, casings, columns, etc., not especially made for the building, and available for use in any building, purchased by the maker of a deed of trust, and deposited in the building embraced in such deed of trust for the purpose of annexation thereto, but in no manner physically attached thereto, and not mentioned in the conveyance of the property, does not constitute such fixtures as would pass to the purchaser of the property on foreclosure of such deed of trust.

Code cited and construed: Secs. 3531, 3539 (S.); secs. 2739, 2740, 2745 (M. & V.); secs. 1981, 1981a, 1985 (T. & S. and 1858).

Cases cited and approved: Bank v. Wolf Co., 6 Cates, 255; Thweat v. Stamps, 67 Ala., 96; Robertson v. Phillips, 3 G. Greene (Iowa), 220; Harris v. Scovel, 85 Mich., 32; Carkin v. Babbett, 58 N. H., 579; Peck v. Batchelder, 40 Vt., 233; Woodman v. Pease, 17 N. H., 282; Miller v. Wiason, 71 Iowa, 610; Burnside v. Twitchell, 43 N. H., 390; Williamson v. Railroad, 29 N. J. Eq., 311; Hoyle v. Railroad, 54 N. Y., 315.

Cases cited and distinguished: Daniel v. Weaver, 5 Lea, 393; Halley v. Alloway, 10 Lea, 523; Grewar v. Alloway, 3 Tenn. Chy., 584; Steger v. Arctic Refrigerating Co., 89 Tenn., 453; Grosvenor v. Bethell, 93 Tenn., 579.

FROM LAWRENCE.

Appeal from the Circuit Court of Lawrence County. —SAM HOLDING, Judge.

ROBERT B. WILLIAMS and L. B. WHITE, for plaintiff. W. R. KING, for defendant.

MR. JUSTICE MCALISTER delivered the opinion of the Court.

The question to be solved on this record is whether or not certain doors, mantels, casings, columns, etc., deposited in a building for the purpose of annexation, but which, as a matter of fact, were never physically attached to the building passed to the purchaser under a mortgage sale of the premises.

The facts revealed in the record are that plaintiff and wife on the 17th day of June, 1901, executed a deed of trust on certain real estate to James T. Dunn, trustee, to secure an indebtedness to one D. E. Rose for the sum of $1,000.    There was a foreclosure of this trust deed, and the property was purchased by M. S. McDougal for the sum of $2,100.    The latter sold the property in a short time thereafter to the defendant, L. F. Gunn.    It appears that when the property was first mortgaged a

house had been erected upon the premises, which was not entirely finished. Prior to the sale by the trustee, the plaintiff mortgagor had bought certain finishing material, and deposited it in a room of the building on the second floor. The material consisted of doors, mantels, casings, columns, corner beads, etc., which had been ordered with the intention of being used in this house, but none of it was attached in any way to the building.

It further appears that this finishing material was not especially designed for that particular house, but could be utilized in any other residence. The plaintiff lived on the property at the time the trust deed was executed, and continued to occupy it until after the foreclosure sale. It further appears that in the deed from the trustee to the purchaser said material was not mentioned, nor was it mentioned in the trustee's advertisement of the foreclosure sale. There is evidence tending to show that plaintiff at all times claimed this material, and after the first sale gave notice to the purchaser, McDougal, that he claimed it. It is also shown that he notified the trustee before the sale not to sell this material, and claimed it as his property. It further appears that, about a year after L. F. Gunn went into possession of the premises under his purchase from McDougal, he used said material which he found stored in the building for the purpose of completing it. Thereupon the plaintiff, Barney Blue, who was the original mortgagor, and had purchased this material and left it in the building, brought suit to recover the sum of $148, the value of

Blue v. Gunn.

said material.  There was a verdict and judgment in the court below in favor of the defendant.  The plaintiff appealed, and has assigned errors.

The disputed question of law is whether said material passed, under the mortgage sale, as fixtures, or whether it remained the personal property of the original mortgagor.

As already stated, said material was not mentioned in any of the various conveyances of the property, and there was no physical attachment of said material to the building; and, while this material was originally purchased to be affixed to this building, it was commercial finishing, carried in stock by dealers, and could have been used on other buildings.

While the question thus presented is of first impression in this State, so far as we are advised, it seems to have been settled as a matter of legal controversy in many other States.  The question of what constitutes a fixture has usually arisen in cases where the article, appurtenance, or material has been affixed to the freehold, and the question for determination in that class of cases was whether the fixture could be detached from the freehold; the solution of that question being dependent generally upon the intention of the parties in annexing it, and whether the right of removal had been reserved.  This phase of the question was fully considered by this court at the present term in the case of *Bank* v. *Wolf Company*, 6 Cates, 255, 86 S. W., 310, in an elaborate opinion by Judge Neil.

114 Tenn—27

But as already observed, the question presented by this record is whether an article which has been deposited upon the premises with a view of annexation, and for the purpose of finishing a building, thereby becomes a part of the realty, in such a sense that it passes under the deed to the purchaser.

The definition of a fixture usually given is, "An article which was a chattel, and which, by being physically annexed or affixed to the realty, becomes accessory to it, and a part and parcel of it." 13 Am. & Eng. Ency. of Law (2 Ed.), p. 596.

It thus appears that annexation is the controlling element in the very definition of a fixture, and we find on examination that the overwhelming weight of authority in this country is that the physical annexation of a chattel to the realty is necessary, in order to render it a part of the realty.

See cases cited in 13 Amer. & Eng. Ency., p. 600.

But the question as to the necessity of actual attachment has also arisen as to articles which have not been annexed to the land, but have merely been brought on or near to the land with the intention of annexing them. The great weight of authority is that such articles are still to be considered as chattels. Rails lying on the land, and not yet placed in a fence, have been held to be personalty. *Thweat* v. *Stamps,* 67 Ala., 96; *Robertson* v. *Phillips,* 3 G. Greene (Iowa), 220; *Harris* v. *Scovel,* 85 Mich., 32, 48 N. W., 173.

So of lumber intended for a building.  *Carkin* v. *Babbett,* 58 N. H., 579.

So windows and window blinds made to be used in a house, but not actually put in place and fastened, nor otherwise annexed to it, are articles held not to be a part of the realty.  *Peck* v. *Batchelder,* 40 Vt., 233, 94 Am. Dec., 392.

So of a stone brought within a dooryard to be placed as a doorstep.  *Woodman* v. *Pease,* 17 N. H., 282.

And so of machinery and parts thereof.  *Miller* v. *Wiason,* 71 Iowa, 610, 33 N. W., 128; *Burnside* v. *Twitchell,* 43 N. H., 390.

So the rolling stock of a railroad is held not to be treated as realty.

In *Williamson* v. *N. J. Southern R. Co.,* 29 N. J. Eq., 311, it was said:

"The criterion above stated, of actual annexation to the freehold as a rule for determining when chattels become part of the realty, is as well settled in this State as any other rule of property.  Exceptions founded on fanciful and groundless definitions only tend to produce uncertainty and confusion in the rules of property, which should be permanent and uniform. . . . . Tested by the foregoing criterion, it is manifest that the rolling stock of a railroad must be regarded as chattels which have not lost their definitive character as personalty by being affixed to and incorporated with the realty."

There are authorities which hold a contrary doctrine, being based on the theory that material deposited on the land for the purpose of becoming a part thereof, or machinery deposited in a house for the purpose of being attached thereto, is, in the eye of the law, constructively attached thereto. But as said by the author in Am. & Eng. Ency. of Law, supra:

"Of the cases treated as illustrations of constructive annexation, some are merely cases of temporary severance, in which the articles, though not at the time actually attached, are treated as still annexed and part of the realty, and the term has at all times been applied to deer in a park, fish in a pond, and doves in a dovecote, which passed to the heir, and not to the executor."

This class of cases was discussed in *Williamson v. N. J. Southern R. Co.*, 29 N. J. Eq., 311, in which it was said:

"The illustrations of doves in a cote, deer in a park, and fish in a pond are entirely inapplicable to the present subject. They go with the inheritance, for special and peculiar reasons. In Amos & Ferrard on Fixtures, they are classified under the head of heirlooms—a class of property entirely distinct from fixtures."

See, also, *Hoyle v. Plattsburgh, etc., R. Co.*, 54 N. Y., 315, 13 Am. Rep., 595.

It remains to notice several cases decided by this court which are supposed to illustrate the policy of our laws upon this subject. They are cases in which furnis-

hers of material for a building are allowed a lien on the lot upon which the building is to be erected, whether the material was ever actually used or not.

In *Daniel & Co.* v. *W. H. Weaver et al.,* 5 Lea, 393, this court said it is not the actual use of lumber in repairs to a building by the owner that gives the furnisher a lien, but the furnishing under the contract for that use, and the lien exists whether the lumber was used or not. That case involved a construction of Shannon's Code, section 3531, establishing a mechanic's lien and furnisher's lien on any lot of ground or tract of land upon which a house has been erected, built, or repaired, or fixtures or machinery furnished or erected, or improvements made by special contract with the owner or his agent, in favor of the mechanic or undertaker, founder, or machinist who does the work, or any part of the work, or furnishes the materials, or any part of the materials, or puts therein any fixtures, machinery, or material, either of wood or metal, and in favor of all persons who did any portion of the work or furnished any portion of the material for the building contemplated in this section.

Section 3539 provides:

"The lien shall include the building, fixture, or improvement, as well as the lot or land, and continue for one year after the work is finished or materials are furnished."

The court, in dealing with these two sections, held that it is the furnishing of the lumber for repairs, etc.,

that creates the lien, and that it does not depend upon the use of it by the purchaser whether the seller shall have a lien. Otherwise, by not using it for a year, the owner could entirely defeat the lien of the purchaser. Such is not the proper construction of said acts, and this is made more clear by the provision in section 3539 that the lien shall continue for one year "after the work is finished," in favor of the workman, or "materials are furnished," as to the furnisher. The furnisher may, therefore, within one year after he has delivered the materials contracted for, have his remedy by attachment to enforce his lien.

The case of *R. H. Halley et al.* v. *L. E. Alloway et al.,* 10 Lea, 523, was another case involving the furnisher's lien for repairing and furnishing the Grand Opera House in the city of Nashville. The question presented for determination in that case was whether the things claimed to have been furnished entitled the furnisher to a lien on the house and lot. The material furnished consisted of stage machinery, such as pulleys rollers for cylinders, etc., used for fitting up the stage—some attached and some not—chairs furnished and fitted to the floor, and seats for the accommodation of the audience, painting the scenery, curtains, and the like. The court held the nature of the thing done and the character of the house repaired, and for which the materials were furnished, as well as the intent of the party building, served to guide the correct conclusion as to whether the work done was work on the house and became part of it.

These elements are better guides than the old idea as to
fixtures which was whether the thing was permanently
attached and fixed in or to the freehold.   In getting up
a theater, the whole building, considered in reference to
its use, makes the house contracted for.   All that serves
to complete and furnish such house for the purpose de-
signed makes up the house, and is part of it when com-
pleted.  Scenery, seats, pulleys, etc., and the like, make
up a necessary part of a building designed for theatrical
exhibitions, as much as do the counters on which goods
are exposed for sale in a retail mercantile store.   It is
probable the scenery and  other  articles  herein  men-
tioned are as permanently attached to and were a part
of the building as such counters.

In *Steger* v. *Arctic Co.*, 89 Tenn., 453, 14 S. W., 1087,
11 L. R. A., 580, it was held that statutes creating liens
upon real estate in favor of those, who under contract
with the owners, have furnished lumber or materials for
erection of buildings machinery, etc., thereon, are con-
strued liberally in favor of lienholders, as regards the
subject-matter to which the lien should attach.   In that
case it appears that the Arctic Refrigerating Company
erected a factory on a lot in Nashville for the manufac-
ture of vapor for cold storage.   By permission of the
city this company laid subterranean pipes in the streets,
connecting with its factory, to convey the vapor to its
customers.  P. supplied labor and materials in the erec-
tion of the factory, and also furnished and laid down the
pipes in the streets.  It was held that the plant, includ-

ing lot, factory, pipes, etc., is an entirety, and P.'s lien for materials furnished or labor done upon any part of it attached to the whole.

The case last cited, it will be observed, does not even remotely touch the question with which we are dealing in the present case.

In the case of *Grosvenor* v. *Bethell,* 93 Tenn., 579, 26 S. W., 1096, one of the objects of the bill was to determine whether or not Bethell, the purchaser at first mortgage sale, thereby acquired title to all the theater furniture and fixtures; the same not having been specifically mentioned. It was held that a mortgage by an incorporated opera house company, made after the purchase of lot, and while the theater buildings are in course of erection thereon, conveying the lot and "all the buildings and improvements thereon or to be erected thereon," operates to pass all furniture, fixtures, and furnishings then or thereafter placed in the theater building, and essential to its successful operation. Citing *Halley* v. *Alloway,* 10 Lea, 523, as settling this question.

In *Grewar* v. *Alloway et al.,* 3 Tenn. Ch., 584, it was held that the rollers, pulleys, etc., for shifting scenery, and other stage properties, were fixtures or machinery, within the meaning of the mechanics' and furnishers' lien act. It was further said that the movable machinery and flying stages of a theater, necessary for the puropse of theatrical exhibitions, are trade fixtures, and removable by the tenant, as between him and his landlord, but, as between the owner and mechanic,

are subject to the mechanic's lien law. The question whether a thing is a fixture or not, as between owner and mechanic, depends little upon the mode of annexation. Its fitness 'for the particular place where it is annexed, its being connected with the general business conducted there, and other facts going to show the intent of the owner to make one thing of the land and chattels to carry out a general purpose, would have more effect upon the question than the mode or permanence of the annexation. It appeared in that case that the chairs had been fastened to the floor, and it is to be inferred that the other property was also in some way attached to the building.

It is unnecessary to pursue this line of cases any further, since we deem the question settled by the great weight of authority in favor of the contention that such materials are not fixtures, and are removable by the mortgagor.

It results from this that the judgment of the circuit court must be affirmed.