Walter F. NEWELL

v.

CARLOW, NEWELL & SMITH, INC.

GEORGIA–PACIFIC CORPORATION

v.

NALEWS, INC.

Supreme Judicial Court of Maine.

July 20, 1979.

Noyes & Beal, P. A. by Robert J. Beal (orally), Rangeley, for plaintiff.

Verrill & Dana by John A. Mitchell (orally), Portland, for Georgia-Pacific and third party defendant Nalews, Inc.

Daniel E. Boxer, Portland, for Georgia-Pacific Corp.

Kurtz & Meyers, P. A. by Theodore Kurtz, South Paris, for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

Nalews, Inc. (Nalews), a New Hampshire corporation, and Georgia-Pacific Corporation (Georgia-Pacific), a Georgia corporation with a principal place of business in the Town of Baileyville, Maine, have appealed to this Court from judgments entered in the Superior Court (Washington County) which had the ultimate effect of making Nalews liable to satisfy a lien in the amount of $29,144.57 adjudicated valid and enforceable against property of Georgia-Pacific.

As general contractor, Nalews undertook to build for Georgia-Pacific a double pipeline connecting structures located on two separate parcels of land owned by Georgia-Pacific in Woodland, Maine. On the first of these parcels the structure maintained by Georgia-Pacific was a mill treatment plant, and it was contemplated that five hundred feet of the connecting double pipeline would be placed on this parcel. On the other parcel which was approximately a mile away Georgia-Pacific maintained structures which functioned as sewage pollution settling lagoons. The pipeline was to consist of a force main line running from the mill treatment plant to the pollution settling lagoons and a return line to the mill treatment plant. The main and return lines were to be laid in a common trench which, except for the five hundred feet of the pipeline to be located on the mill treatment plant parcel, was to be located on four parcels of land owned in fee simple by persons other than Georgia-Pacific in which Georgia-Pacific had acquired "right-of-way" easement interests.

Incident to its undertaking as general contractor, Nalews agreed to hold Georgia-Pacific harmless for any lien claims arising out of the pipeline construction project.

Nalews sub-contracted a portion of the construction work to Carlow, Newell &

Smith, Inc., a Maine corporation. It in turn hired Walter F. Newell[1] to supply equipment and operators for the excavation and grading work, most of which was to be done on the parcels of land owned in fee simple by persons other than Georgia-Pacific. Nalews made payment in full to its sub-contractee Carlow, Newell & Smith, Inc., which, however, failed to pay Walter F. Newell for the work it had hired him to furnish, or perform.

Newell, not having received payment, commenced lien claim proceedings, pursuant to 10 M.R.S.A. §§ 3251 et seq. (1964 and Supp.1978). He made a timely filing in the Registry of Deeds of the Notice required by Section 3253, and, in accordance with Section 3255, he seasonably commenced the instant action in the Superior Court against Georgia-Pacific and Carlow, Newell & Smith, Inc. as defendants. Georgia-Pacific impleaded Nalews as a third party defendant in the action, Rule 14(a) M.R.Civ.P., to enforce Nalews' agreement to indemnify it against lien liability.

On September 1, 1978, judgment was entered in favor of plaintiff Newell against defendant Georgia-Pacific.[2] The judgment stated expressly that it would run

> "against . . . [Georgia-Pacific's] lands as described in the lien notice and shall also run against its *easements* and pipelines adjacent to and connecting . . [Georgia-Pacific's] lands in the total amount of $29,144.57 plus costs and interest." (emphasis added)

Since Nalews had made no defense to Georgia-Pacific's third party complaint for indemnification, on November 27, 1978 supplemental judgment was ordered entered in favor of Georgia-Pacific on its third party claim against Nalews.

Technically, Georgia-Pacific is appealing from the judgment entered against it as a

defendant in the main action, and Nalews is appealing from the supplemental judgment entered in favor of Georgia-Pacific as third party plaintiff against it as third party defendant. The practical effect of the combined appeals, however, is that Nalews, seeking to avoid being required to pay twice, is carrying the burden of the appeals and is striking at the jugular source of its own liability by attacking the foundational judgment which adjudicates a valid lien in the total amount of $29,144.57 as being enforceable against Georgia-Pacific's property.

■ We conclude that we need not address two (of the three) issues raised on appeal claiming error in the judgment insofar as it runs against the *easement* interests of Georgia-Pacific in lands owned in fee simple by others.[3] We do not reach these issues because we decide that plaintiff's complaint, fairly interpreted, made no claim for a lien to be enforced against that "property" of Georgia-Pacific constituted by its easement interests in lands owned by others. Hence, we regard that part of the judgment which extends to these easement interests as going beyond the scope of plaintiff's complaint, thus to be regarded as surplusage subject to being stricken, and which we order stricken.

The complaint begins with the allegation that defendant Georgia-Pacific corporation is the "owner" of the "premises herein described." Then, after stating that plaintiff provided labor, materials and equipment for "a certain sewage and water and effluent treatment plant and pipeline", the complaint gives a description of the "premises" against which plaintiff asserts a lien. The "premises" are referred to as a "lot" that is more particularly described as situated in the Town of Baileyville and as being:

---

1. Walter F. Newell was the father of "Newell" in the "Carlow, Newell & Smith, Inc." corporation.

2. By agreement, the action was dismissed against the other defendant Carlow, Newell & Smith, Inc.

3. The questions raised in this regard are: (1) whether under 10 M.R.S.A. § 3251 an enforceable lien can be acquired as to a mere easement interest in land which is owned in fee simple by another person; and if so, (2) whether such a lien can be acquired as to an easement interest in land which lies under a municipal street.

"[T]he real estate described in Deed to Georgia-Pacific Corp. from St. Croix Paper Company dated November 30, 1973, recorded in the Washington County Registry of Deeds in Book 820, Page 146, and in the deeds and plans therein mentioned . . . , being a draft paper mill and paper mill with accessory buildings and facilities including water and effluent treatment facilities located on the westerly bank of the St. Croix River in said Baileyville and being a portion of the Chandler Block . . . ."

Lastly, as the conclusion of the complaint, plaintiff states that he claims a lien on "said building and land", and plaintiff prays that

"said building and land be sold and the proceeds applied to discharge of the lien set forth herein . . . ."

Had the complaint contained no more than the language set forth above, its plain meaning would be to assert, and seek enforcement of, a lien against *only* that lot of land owned in fee simple by Georgia-Pacific on which stood the mill treatment plant proper with five hundred feet of connecting pipeline. What causes difficulty, however, is that the complaint makes an additional reference to the "pipeline" situated outside the mill treatment plant lot and which is described as being "laid in the right of way described in four deeds to [defendant] Georgia-Pacific Corporation." This mention of a "right-of-way" in the complaint has created the potential ambiguity that seems to have been responsible for the presiding Justice's interpreting the complaint as purporting to assert a lien against Georgia-Pacific's easement interests.

We conclude, however, that fairly read in its entirety, the complaint had no such purport. The complaint makes general reference to the work done and describes it as the "erecting" of "a certain sewage and water and effluent treatment plant and pipeline." The complaint identifies *that* "plant and pipeline" as being situated on *a lot* which, as we have already mentioned, the complaint described by a deed reference identifying the lot as the *one owned in fee simple by Georgia*-Pacific where the mill treatment plant stood. This being so, and more particularly since the word "pipeline" in ordinary usage connotes a linkage of tangible physical materials into a line of pipe, the reasonable interpretation of the complaint is that it conceived the "plant and pipeline" as an *integrated physical structure,* and that it was claiming a lien against that physical structural unit consisting of the mill treatment plant proper, the lot owned by Georgia-Pacific on which the treatment plant stood, and the entirety of the physical piping comprising the pipeline, as deemed to be a physically appurtenant appendage of the mill treatment plant proper.

With the complaint thus interpreted, its mention of Georgia-Pacific's right of way in lands owned by third persons was merely an identification of the location on the face of the earth of the tangible piping which was regarded as the physically appurtenant appendage, or extension, of the treatment plant structure as such. The "right-of-way" reference was, therefore, not a manifestation of plaintiff's intendment to assert a claim of lien against any *intangible easement interests* of Georgia-Pacific in lands which Georgia-Pacific itself did not own in fee simple.

The record discloses that the premise of the argument to have us interpret the complaint as claiming a lien against Georgia-Pacific's easement interests is Nalews' conception that as to work done on any particular parcel of land, the law allows a lien for *that work* to attach only to *that particular* parcel of land where the work was performed. Accordingly, reasoning from this premise, Nalews says that validly to assert a lien for the work performed on the parcels of land owned in fee simple by third persons, plaintiff's complaint must be seeking to have the lien attach to the *only* property interest that Georgia-Pacific had in those parcels of land, namely, Georgia-Pacific's easement in those parcels.

However, the premise on which Nalews makes this argument is an erroneous conception of the law. In a variety of

contexts courts have addressed the issue whether, and in what circumstances, a valid mechanic's lien can attach to, and be enforceable against, one particular parcel of land as security for labor and materials furnished, and work performed, on a different and separate parcel of land. Virtually all of the decisions we have found follow the approach of, and cite as the leading case, *Beatty v. Parker,* 141 Mass. 523, 6 N.E. 754 (1886).[4] Whether the particular project concerns sewer lines, as in *Beatty, supra,* or refrigeration lines, or water, gas or electric lines, the courts have not hesitated to charge against the *core* land (or land and building) the costs of all labor, materials and work which *benefitted* it, even though the labor and materials were furnished and the work was actually performed in regard to other land. This has been held to be the rule without regard to the vagaries of the particular lien statutes involved or the nature of the defendant's interests in the outlying property on which the work was done. See, e. g., *National Foundry & Pipe Works v. Oconto Water Co.,* 52 F. 43 (E.D.Wis.1892) (no material furnished for main property, but attached piping formed an integral unit "constituting an essential and indispensable part of the plant"), *W. L. Development Corp. v. Trifort Realty, Inc.,* 44 N.Y.2d 489, 406 N.Y. S.2d 437, 377 N.E.2d 969 (1978) (even if land on which storm drain system installed owned by other than defendant, the work "enhanced the value of . . . [defendant's] property and was necessary to make the homes being constructed suitable for habitation"); *Steger v. Arctic Refrigerating Co.,* 89 Tenn. 453, 14 S.W. 1087 (1891) (pipelines and business to which they are essential would pass upon sale as an entirety); *Ladue Contracting Co. v. Land Development Co.,* 337 S.W.2d 578 (Mo.App.1960) (extending "sidewalk cases" rationale to find access road and sewer drains appurtenances "essential to the comfortable and convenient use of the dwellings"). The basic rule that emerges as the law is summarized in *Mitford v. Prior,* 353 F.2d 550, 553 (9th Cir. 1965), in which the Court of Appeals quoting from the decision of the District Court Judge in that case says:

> "the modern and growing view . . . is that a mechanic's lien will attach to property for an improvement not placed thereon if it has a physical or beneficial connection therewith and is essential to the convenient and comfortable use of the premises."

The language of the instant complaint, then, is reasonably and fairly to be interpreted as seeking enforcement of a lien in accordance with this rule. The complaint asserts a lien against that realty owned in fee simple by Georgia-Pacific comprised of the parcel of land and the mill treatment plant structure affixed to it, including as a physically appurtenant appendage of the structure the entirety of the tangible piping connecting to the settling lagoons. The complaint was not directed to, and had no concern with, the assertion of a lien against the *intangible easements,* as property interests of Georgia-Pacific, in parcels of land owned in fee simple by other persons.

█ Thus interpreting the complaint, we conclude that the presiding Justice, relying on the rule stated in *Mitford v. Prior, supra,*

---

4. This decision consisted of two paragraphs, the first of which was:

"The drain-pipe was part of the house. The house was built upon a street in which was a sewer, and was fitted for the use of the city water, to which connection with the sewer was essential. The piping inside of the house, and outside of it to the sewer, was necessary to the use of the house, and a part of it, and was included in the contract for building it. The house would be incomplete and unfinished without the pipe, and it would pass by a deed of the house as a part of it. It is immaterial whether it was inside or outside the walls of the house, or whether it was above ground or under ground, or whether it extended one foot or thirty feet. It is immaterial, also, whether the fee of the land in the street was or was not in the owner of the lot. It must be assumed that the pipe was rightfully laid to the sewer, even if the fee of the street was not in the respondent. The pipe did not become the property of the owner of the fee of the street, but belonged to the owner of the house, and he had an interest in the soil of the street to sustain his pipe, which could pass by a deed of the lot." *Id.,* 6 N.E. at 755–56.

decided correctly, and sufficiently, that a lien for the full amount of all the labor and materials furnished, and work performed, by plaintiff Walter F. Newell was valid and enforceable, "against the plant, the realty on which the plant stands and any interest that Georgia-Pacific Corporation has in the piping", notwithstanding that the labor and materials were furnished, and the work was performed, on other separate parcels of land owned in fee by persons other than Georgia-Pacific. However, in going further to add the statement that "the interest in piping would clearly include the easement through which it passed", the presiding Justice entered an area beyond the scope of the complaint and the relief it sought. We therefore deem this part of his ruling to be surplusage subject to being stricken, and we order it stricken.

Accordingly, we affirm the judgment of the Superior Court as modified to read that the judgment is

"against the Defendant's Mill Treatment Plant and the realty on which the plant stands, including all the connected physical piping comprising the pipeline extending to the settling lagoons, in the total amount of $29,144.57." [5]

The entry is:

Appeal denied; judgment, as ordered modified, affirmed; remanded to the Superior Court for entry of the judgment in favor of plaintiff as herein ordered modified.

McKUSICK, C. J., did not sit.

---

**5.** As thus modified, the judgment plainly does not run against the parcel of land owned in fee simple by Georgia-Pacific on which the settling lagoons are located. We therefore have no occasion to address the third issue raised on appeal, whether the parcel of land where the settling lagoons are located was sufficiently described in the notice of lien filed in the Registry of Deeds, pursuant to Section 3253, as a condition precedent to the enforceability of the lien against that particular parcel.