JOSEPH C. COOK, Appellant, *v.* LORENZO D. WHITING, Appellee.

APPEAL FROM BUREAU.

Hewed timber, fence posts, etc., unattached to the soil, are not fixtures or appurtenances to the land, and do not pass by deed.

Oral testimony is inadmissible to add to, vary or change the terms of a deed, but may be admitted to show the condition of the property, with a view to arrive at the true intent of the parties, in the terms used by them.

Cook *v.* Whiting.

THIS was an action of trover, commenced before a justice of the peace, to recover some square timber, fence posts, and one round log. By appeal it was taken to the Bureau Circuit Court, and was tried before LELAND, Judge, and a jury, at April term, 1855, of said court. The plaintiff below, and appellee here, to maintain this issue, offered in evidence an agreement on the part of appellant to sell his farm to appellee. Appellant to plant certain corn, and to be paid a sum certain for his growing crops. Certain stone then in process of manufacture, were to be divided between the parties, less a portion which appellant reserved. And also a deed based upon the foregoing agreement for the land described in it, and the appurtenances thereto. A deposition was also introduced, against the objection of appellant, to show that appellant, at the time of the making of the above agreement, promised to let appellee have the timber, fence posts, etc. It was admitted that the timber sued for, was lying on the premises and not attached to the soil, and that the same had been converted by appellant.

The following are the instructions referred to in the opinion :

" The jury should infer the intention of the defendant, Cook, from the written contract only, and not from any verbal contract made at the same time with the written contract, unless the verbal contract had another consideration, independent of the consideration of the written contract."

" The jury cannot regard any verbal contract made before or at the time of the written contract."

" Although the jury may believe from the evidence, that there was a verbal contract by which Whiting was to have the fence posts and hewed timber, yet if they further believe that there was no consideration for said contract, other than the consideration mentioned in the written contract, they will find for the defendant."

" The simple intention of Cook, before he sold his farm to Whiting, to erect the posts into a fence, and the hewed timber into a granary, without having done any thing towards those objects, more than to haul said posts and timber on to the farm before he sold to Whiting, is not sufficient to pass the property in said posts and timber, and either of them, to Whiting."

STIPP and BLACKWELL, for Appellant.

W. T. PETERS, for Appellee.

SCATES, C. J. The hewed timbers, posts, and round log, sued for in this case, were neither *fixtures* nor *appurtenances* to the land, but personal property, and did not, therefore, pass by the deed as part of the realty, nor under the description of appurten-

ances. Fixtures are such articles of property as are deemed personal, in contradistinction to real, but for their attachment to or connection with the land, or the rights of inheritance, or such parts of the land, or realty, which, being partly separated or severed, have not changed their character for want of a complete severance in fact, or by contract, and so as, in either case, to change their character. A definition of a fixture in law, conveys a clear idea of the character of the property, in itself. But in its application, great difficulty and confusion of ideas, is produced by the many distinctions introduced to favor the interests of particular owners, or to promote the public good in the uses made of the particular property. Thus a vendee might take it where an heir might lose it; an heir might take it where a landlord could not. Attachments of personalty for the purposes of trade, may be removed, which, when made merely for the enjoyment of the premises, might not. Things attached by the owner of the inheritance, are distinguished by that fact, from things annexed by the lessee. Things essential to the use and enjoyment of the inheritance, are thereby more strongly impressed with the character of fixtures, than others not essential to it, and which may be removed without detriment to it, or its full enjoyment. These distinctions, with many examples and illustrations, may be seen in Grady's Law of Fixtures, 18, *et seq.* (26 Law Lib. 21, *et seq.*) and in *Walker* v. *Sherman,* 20 Wend. R. 638, in both of which the authorities are reviewed. Chit. on Contracts, 355.

It is sufficient, I think, in this case, simply to advert to these distinctions, without a review of authorities.

Viewing a vendee as one strictly protected in regard to things actually annexed or attached to, and in regard to things not fully severed from the freehold, we should give him all that in law belongs to the land, under the terms and description in his deed. But after doing this in its most extended sense, we are not able to include these hewed timbers, posts and round log, lying loosely about upon the land, although originally provided and intended for a granary on the land, as fixtures, becoming part of it. In *Wincher* v. *Shrewsbury,* 2 Scam. R. 283, this court held, that rails made upon Congress land and piled, would not pass to the purchaser by the usual description of land, although the act of severance might have been a trespass. I know that this subject is full of difficulty ; and a question respecting such timber as may have been severed from the land by storms, decay and accidents, will deserve serious consideration when presented. But here the separation by the act of the owner was complete, and he had unquestionably converted it into personalty, though with the intention of re-annex-

ing it to the freehold at a future time. But before this was done, he sold his land and conveyed it, not only by the usual terms, but by a general description which included in its bound-aries more than he intended to convey, and from which he reserved or excluded a part, by specified boundaries. We cannot, from this particularity found in the deed, suppose any more intended than is provided for in it, and fixtures will not include these articles as part of the description of land, tene-ments or hereditaments appertaining thereto. But it is now insisted upon, and claimed to be included under " appurten-ances," within the true intent of the deed. " This term, both in common parlance and in legal acceptation, is used to signify something appertaining to another thing as principal, and which passes as an incident to the principal thing. Lord Coke says (Coke Lit. 121b,) a thing corporeal cannot properly be appur-tenant to a thing corporeal, nor a thing incorporeal to a thing incorporeal." *Harris et al.* v. *Elliott*, 10 Pet. R. 53 and 54; *Leonard* v. *White*, 7 Mass. R. 6, 7 and 8. See also *Jackson* v. *Hathaway*, 15 John. R. 454. So these materials cannot pass under the term " appurtenances."

The deposition was inadmissible to add to, vary or change the terms of the deed. Such is the general rule, and which has been repeatedly recognized by this court in *Lane* v. *Sharp*, 3 Scam. R. 566; *Fitch et al.* v. *Pinckard et al.*, 4 Scam. R. 70; *Doyle et al.* v. *Teas et al.*, ibid. 202; *Scott, administrator*, v. *Bennett*, 3 Gil. R. 243.

This rule is not violated by the admission of parol proof, to show the condition of the property, with a view to arrive at the true intent of the parties in the terms used by them.

Such was the evidence admitted in *Barret* v. *Stow*, 15 Ill. R. 423; and in *Hadden* v. *Shoutz*, ibid. 581. To this extent it was recognized in *Doyle et al.* v. *Teas et al.*, 4 Scam. 202.

The case of *Smith* v. *Finch*, 2 Scam. R. 321, referred to in argument, does not come within the rule or the distinction laid down under it, being on a collateral guaranty on a new con-sideration. In *Lane* v. *Sharpe*, the court not only excluded parol evidence, and resorted to the writing alone, for the con-tract of the parties; but also declared that the law would not allow a contract to be partly in writing and partly in parol. See also 3 John. R. 586.

This would not prevent the party from showing two or more writings as parts of or explanatory of the contract, and the true intent of the parties.

The written memorandum of the 10th May, may be relied on, but it does not help the defendant. So far from it, the parties appear to have provided specially for certain stone, quarried

and unquarried, and are silent on the subject of the timbers, posts and log. Clearly the parol evidence offered in the deposition, adds both to the written memorandum and the deed.

The court, therefore, erred in refusing to give the second, third, fifth and sixth instructions asked by plaintiff here, and in giving the modification in place of the sixth.

The judgment is reversed and cause remanded for new trial.

*Judgment reversed.*