## JONATHAN J. PECK v. IRA BATCHELDER, *Appellant.*

### *Windows and Blinds. Fixtures. Realty.*

Double windows made for a house, fitted to its window casings, not nailed or fastened in, but held only by being closely fitted and pushed in, which remained in through one winter until warm weather when they were taken out and set away in the house, and blinds made for side lights and set up in the hall, but never fitted to the windows or put in, both windows and blinds not being intended by the grantor to pass with the house, but secreted so that the grantee did not, at the time of purchase, know of their existence, and there being nothing about the casings to indicate that any double windows belonged thereto, *held,* not to pass by deed of the premises, they never having been actually or constructively annexed to the house.

THE plaintiff's declaration contained two counts in trespass *de bonis,* with a count in trover. Plea, the general issue. The action was originally commenced before a justice of the peace, and came to this court by appeal and was referred.

The referee reported that the action was brought to recover for four windows, commonly called double windows, and two side light window blinds, alleged to be the property of the plaintiff and taken by the defendant, found to be worth $18.50.

It appeared from the report that the defendant was the owner of the house and premises where this property was situated, until the 29th day of April, 1865, when the defendant deeded the place to the plaintiff by warranty deed, and moved out and gave the plaintiff possession of the same on the 4th day of May, 1865. The defendant had owned and resided in this house about six months last before he sold to the plaintiff.

When the defendant moved away his other property, he put these windows and blinds into a closet in a chamber rented to some ladies, and furnished with his furniture, with the intention of taking them away when he took his furniture from those rooms, and they were found there by the plaintiff when he took possession of the house, and he moved them to another room which he occupied, where the defendant found them and took them away on the 12th of May, 1865, claiming them to be his property, and has never returned them.

In December, 1864, or January, 1865, and while the defendant

owned and lived in the house, he being a sash and blind maker, the defendant made the four double windows in question to be put on the said house, purchased the glass and had it set and the windows painted, and sometime during that winter took them to the house and fitted them to the windows, and put them in on the inside of the windows. They were not nailed or fastened in, only held in by being closely fitted and pushed in, and so remained in the windows until warm weather, when the defendant took them out and set them away. When the defendant made these windows he had no idea of selling the house, and made them expressly for that house, but had never fastened them or made any preparations to fasten them to the house except as before stated.

The blinds were made for the windows or lights at the sides of the front door of this house, but were never fitted to the windows or put on. The defendant took them from the shop where they were painted some time before he sold to the plaintiff, and carried them into the front entry and set them up by the windows where they remained till about the time of the plaintiff's purchase.

When the defendant sold this place to the plaintiff he did not intend to have these windows and blinds pass with the place, but when he was contemplating the sale took them from where they then were and secreted them so that the plaintiff should not see them, as he thought he would claim them as belonging to the house, and nothing was said about them at the time of the trade by either the plaintiff or defendant; and, in fact, the plaintiff did not know that there were any, until he found them in the closet as before stated, after he had moved into the house.

When the defendant took these blinds and windows the plaintiff was not at home. As soon as he learned that the defendant had taken them he demanded them of the defendant, and the defendant claimed to own them and refused to give them up.

On the hearing on the report, at the September Term, 1866, KELLOGG, J., presiding, the court decided that on the facts stated, the defendant was entitled to a judgment in his favor against the plaintiff on the report, and rendered judgment accordingly,—to this decision and judgment the plaintiff excepted.

*L. C. Wheelock*, for the plaintiff, maintained that the windows and blinds were fixtures or part of the realty, and passed by the deed as incidents to the freehold, and cited *Hill* v. *Wentworth*, 28 Vt. 436; *Sturges* v. *Warren*, 11 Vt. 436; *Sweetzer* v. *Jones*, 35 Vt. 322; *Garfield* v. *Hapgood*, 17 Pick. 193; *Winslow et al.* v. *Merchants' Ins. Co.*, 4 Met. 314; Ferard's on the Law of Fixtures, p. 184.

*C. H. Heath*, for the defendant.

The opinion of the court was delivered by

WILSON, J. The only question in this case is, whether the title to the property, described in the plaintiff's declaration, passed to him by the defendant's deed of April 29th, 1865. In order to entitle the plaintiff to recover, it was incumbent on him to show that the windows or blinds had become and were a part of the building conveyed to him by the defendant. The report of the referee finds that the blinds were never in any manner attached to the building or windows, or even fitted to them. In regard to the windows, it appears they were made for the house, fitted to its window casings, and set up on the inside of the windows belonging to the house, where they remained a short time, and previous to the sale of the house, the defendant took them down and put them away. They were never nailed or fastened in, and no preparations had been made to fasten them to the house. It appears the defendant owned the blinds and windows in question, at the time he conveyed the house to the plaintiff; and if they had become, and were at that time, a part of the house conveyed, the fact that the defendant secreted them previous to the conveyance, or that the plaintiff had, at the time of the conveyance, no knowledge of their existence, would not defeat the plaintiff's right to the property. In the construction of a building, its doors, windows, blinds, shutters, etc., become a part of the building, and the manner of annexation is of no particular importance. There must be actual or constructive annexation in order to make them a part of the building. At the time the defendant conveyed to the plaintiff, the building had in it all the windows it was constructed with or for, and the mere fact that the defendant had made some

sash, painted' them, and set glass in them, intending to use them at some future time, in the construction of double windows for the house, does not constitute even constructive annexation. In order to make such windows a part of the realty, they must have been so annexed or attached to, or used upon the building, as to indicate that the owner intended, by such annexation or use, to make them a part of the building. The window frames and casings of the house, were not constructed for double windows, and the referee has not found that the defendant had prepared even the ordinary stops by which double windows could have been permanently attached to the house, or securely kept in place. It is evident, from the manner in which these windows were put in, that if they had been taken out and put back a few times, they would have become loose and have fallen off unless they had been in some way fastened to the building. The very manner in which the defendant put these windows in, and temporarily used them, shows that he did not intend, by such act or use, to make them a part of the building. The referee finds the defendant did not intend these windows or blinds should pass with the house. The plaintiff, in the purchase of the house, was not deceived in respect to the windows or blinds. There was nothing upon the house or windows attached to it, indicating that double windows or blinds had been attached to the building, or that such windows or blinds belonged to the house. The plaintiff, at the time of the conveyance, had no knowledge or information that double windows or blinds had been attached to the building, or made for that purpose; there is, therefore, no ground to claim that the price paid for the property was in any way affected in faith of double windows or blinds. We are of opinion that the windows and blinds for which the plaintiff claims to recover, were never so attached to the house as to become a part of the realty, and they did not pass to the plaintiff by the deed of the house.

The result is, the judgment of the county court is affirmed.