HON. HOMER E. ROYCE,  
HON. H. HENRY POWERS,  } ASSISTANT JUDGES.
HON. WALTER C. DUNTON,

---

### CONNOR *v.* SQUIERS.*

#### *What Passes with Realty.    Contract.*

In 1864, D. bought a number of wooden drawers, such as are used in dry-goods stores, and procured a case for them to run in to be made and set in the wall of a room in her house, the case being so placed that its front, and the drawers when shoved into it, were flush with the face of the wall, which was of lath and plaster and paper. The drawers thus placed were used as bureau drawers. In 1874, while treating for the sale of her house, she told her brother, the defendant, that if he would help her move, he might have the drawers, to which he agreed. D. afterward sold her house without saying anything to her vendee about the drawers, they being then in place, and he, without knowing anything about them, sold the house to plaintiff, who also knew nothing of them. Defendant afterwards carried the drawers away, agreeably to his agreement with D., leaving the case in its place. *Held,* that as the agreement between D. and defendant was executory at the time D. conveyed, the drawers passed by deed to D's vendee, and from him to plaintiff, and that plaintiff might maintain trespass therefor.

---

* Decided at the February Term, 1876.

TROVER, with a count in trespass. The case was referred. The facts sufficiently appear in the syllabus.

The court, at the September Term, 1875, Ross, J. presiding, rendered judgment on the report for plaintiff. Exceptions by defendant.

*George Howe*, for the defendant.

No question can arise as to Mrs. Dickerman's right to sell the drawers at the time she did; nor as to defendant's right at the time of the sale to take them as they were, and where they were. And if defendant acquired a complete title to them, he did not lose it by leaving them in possession of the vendor; for no change of possession was necessary, to render the sale valid. The fact that the drawers were in the house at the time of the sale to plaintiff, did not mislead him, nor give him a right to them; for he had at that time no knowledge concerning them.

If the title to the drawers passed by the deed of Mrs. Dickerman to her grantee, although he knew nothing about them, then a case is presented where the same thing is sold by the vendor to two parties by conveyances equally valid, and it is the settled rule in such cases that he who first gets possession will hold. 1 Parsons Cont. 442, and cases there cited.

*Clark & Haskins*, for the plaintiff.

It has been settled by repeated adjudications in this State that in determining the character of that which is claimed to be a fixture, or a part of the realty, reference must be had both to the manner and extent of the annexation, and to its object and purpose; that whether articles are personal property or fixtures should be determined " from an inspection of the property itself, taking into consideration the nature, mode, and extent of their annexation, and their purpose and object, from which the intention would be indicated." *Hill* v. *Wentworth*, 28 Vt. 428; *Fullam* v. *Stearns*, 30 Vt. 443; *Bartlett* v. *Wood*, 32 Vt. 372; *Harris* v. *Haynes*, 34 Vt. 220; *Sweetzer* v. *Jones*, 35 Vt. 317.

The case of *Winslow* v. *Merchant's Ins. Co.* 4 Met. 306, is made

to turn upon the manner in which the articles of property were fitted and peculiarly adapted to that particular mill.

Neither the character of the property nor the rights of parties are affected by the fact that Mrs. Dickerman purchased the drawers and had them constructed into the walls of the house to save room, and continued to use them in lieu of bureaus ; nor the fact that she acted in good faith in selling them, supposing she had the same right to them that she had to any bureau that she owned. The question is not what Mrs. Dickerman now thinks, but what was her intention in placing the drawers there ; and under the rule laid down by this court, the intention is to be gathered from an inspection of the property itself, and the nature, mode, extent, purpose, and object of the annexation. And this also determines its character.

The object and purpose of Mrs. Dickerman were mainly to save room. The mode of annexation was both substantial and permanent ; its extent was over four-fifths of the perpendicular side of the chamber ;. and its nature was such as materially to enhance the value of the premises. The law presumes that Mrs Dickerman intended to do that which was the natural and legitimate result of the doing. If, then, the drawers became a part of the realty, they passed by her deed, and from her grantee to plaintiff, as fully and completely as any portion of the building. The fact that neither Mrs. Dickerman's grantee nor the plaintiff had any knowledge of the existence of the drawers until after the conveyance, cannot defeat plaintiff's right to the property. *Peck* v. *Batchelder,* 40 Vt. 233.

The opinion of the court was delivered by

BARRETT, J. The language used in *Peck* v. *Batchelder*, 40 Vt. 233, is in direct point in this case, viz., " if the articles had become and were at the time a part of the house conveyed," they were fixtures. The drawers in question, and the frame for them, constituted the finish of the finished side of the chamber. The frame and the drawers together constituted an entire, completed thing ; as much so as the body and the drawers of a bureau constitute an entire and completed thing.

There is no doubt that Mrs. Dickerman had the right to sell the drawers before she deeded the house. If they had been taken out and delivered before deeding, of course they would not have passed by the deed. But they had not been sold by a contract that had become binding as a bargain between herself and the defendant, even, at the time she deeded. It was only an executory bargain that had not resulted in a transfer of property in the drawers when the deed was made. Of course, the title remained in her. That being so, her deed of the house invested her grantee with title to the drawers, and with the same right of possession, and the same possession, as of the house and land. Hence it results, that the taking of the drawers by the defendant was wrongful as against the plaintiff, who had purchased the house of the grantee of Mrs. Dickerman, and gives him the right to maintain this action.

Judgment affirmed.