WILLIAM TAYLOR *vs.* PHILIP PLUNKETT and JOHN F. MC-
LAUGHLIN, Constable.

*Replevin—Execution—Personal Property—Real Estate; Convey-
ance of; Carries Fixtures, but not Personal Property,
unless Named—Delivery of Personal Property—
Subsequent Possession—When liable
to Execution.*

1. A conveyance of real estate carries with it to the grantee the ownership of
such articles as were then actually fixed or fastened to the freehold, as for example,
bakers' tables, trays, etc., fastened to the building by nails; and such articles so
affixed to the freehold were a part thereof, and could not, after such conveyance, be
seized under execution, as personal property of the grantor.

2. A conveyance of real estate does not carry with it to the grantee the owner-
ship of personal property, which may be on the premises, unless such personal property
is named or referred to in such conveyance.

3. If personal property be sold by A to B, it will continue liable to be taken in
execution as the property of A, unless it was actually delivered into the possession of
B as soon as it could conveniently be done after the making of such sale. And if sold
and delivered to B, yet if it afterwards comes into and continues in the possession of
A, it will be liable to be taken under an execution against him.

(*December 11, 1903.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Henry C. Conrad* and *Daniel O. Hastings* for plaintiff.

*Anthony Higgins* for defendant.

Superior Court, New Castle County, November Term, 1903.

ACTION OF REPLEVIN (No. 97, May Term, 1903).

SPRUANCE, J., charging the jury:

Gentlemen of the jury :—This is an action of replevin by

William Taylor against Philip Plunkett and John F. McLaughlin, constable.

It is admitted that all of the goods in question were taken by McLaughlin as constable, under an execution in his hands in favor of Philip Plunkett, against John B. Taylor, and that afterwards under a suit of replevin in favor of the plaintiff, William Taylor, against the defendants Plunkett and McLaughlin, all of the said goods were taken out of the hands of McLaughlin and delivered to the said William Taylor.

The plaintiff, William Taylor, claims that all of the goods levied on were his property, except a few household articles which belonged to his two sisters, a lot of empty flour barrels, the owner of which is unknown, and one wagon which belonged to John B. Taylor, and that all the articles levied on were in his, the plaintiff's, lawful possession at the time of said levy.

The question for your determination is what, if any, of said goods were lawfully levied upon by McLaughlin under said execution.

It is admitted that prior to said levy, the house and premises in and on which all of the goods were found at the time of the levy, had been sold and conveyed by the said John B. Taylor to the plaintiff, William Taylor.

While the deed conveying said premises made no mention or reference to any personal property, the plaintiff claims that under said sale and conveyance, he became the owner of such fixtures and personal property as were then in or on the part of said premises used and occupied as a bakery.

A conveyance of real estate carries with it to the grantee the ownership of such articles as were then actually fixed or fastened to the freehold—as for example, bakers' tables, trays, etc., fastened to the building by nails—and such articles so affixed to the freehold were a part thereof, and could not after such conveyance be seized under execution, as personal property of the grantor.

A conveyance of real estate does not carry with it to the

grantee the ownership of personal property, which may be on the premises, unless such personal property is named or referred to in such conveyance.

But even if the personal property in the bakery had been sold by John B. Taylor to William Taylor, it would continue liable to be taken in execution as the property of John B. Taylor unless it was actually delivered into the possession of William Taylor, as soon as it could conveniently be done after the making of such sale; and if such personal property had been so sold and delivered to the said William Taylor, yet if it afterwards came into and continued in the possession of the said John B. Taylor, it would be liable to be taken under an execution against him.

*Rev Code p. 526, Sec. 4, Ch. 63.*

If any part of the property levied on belonged neither to William Taylor nor John B. Taylor, but to some third person or persons, known or unknown, and was, at the time of the levy, in the lawful possession of William Taylor, the levy upon it was unlawful.

As all of the property levied on has been delivered to William Taylor, under the replevin, if you find that all or any part of it was not liable to be levied on under said execution against John B. Taylor, your verdict should be for the plaintiff for nominal damages only and his costs.

If you find that any part of such property was liable to be levied on under said execution against John B. Taylor, your verdict should be for the defendants for the return of the same, or the value thereof, as appears by the evidence, and his costs.

You may, therefore, if the evidence so warrants, find a verdict for the plaintiff or defendants, or you may find a verdict in favor of the plaintiff and a verdict in favor of the defendants as we have already stated.

Verdict for plaintiff for six cents.

Verdict for defendant for $37.00.