MARTIN RAHM v. F. J. DOMAYER, Appellant.

**Fixtures:** MATERIAL FOR COMPLETION OF BUILDING. The question of whether an article is a fixture does not depend so much upon its physical annexation to the realty as upon the intention of the party in making, or to make, the annexation; and material fitted and bought with the intention of using the same in the completion of a building and placed therein for that purpose passes with a sale of the realty, although attached thereto only by its location and its own weight.

*Appeal from Kossuth District Court.*— HON. W. B. QUAR-
TON, Judge.

WEDNESDAY, JANUARY 15, 1908.

SUIT in replevin to recover building material.  A de-
murrer to the petition was overruled, and, the defendant
electing to stand on his demurrer, judgment was entered on
the petition.   The defendant appeals.— *Affirmed.*

*Frederick M. Curtiss,* for appellant.

*Sullivan & McMahon,* for appellee.

SHERWIN, J.— The plaintiff alleged in his petition that
he was the owner of certain finishing lumber, doors, and
transoms which had been placed by the defendant in an
unfinished building for the purpose of completing and fin-
ishing the same; that suitable and proper openings for the
doors and transoms in question had been left in the building;
and that said material, including the finishing lumber, was
necessary for the completion of the same, and that he be-
came the owner of such material by purchase of the real
estate on which the building was located.

The demurrer made the point that no cause of action
was stated in the petition, because it showed on its face that
the lumber and material was in no manner fastened to the
building, and was therefore no part thereof, and did not
pass with the realty.   The petition does state that the mate-
rial described was in no manner fastened to the building,
and the sole question for determination is whether it passed
with the general conveyance of the land.   The question is an
interesting one, and the decisions thereon in the several ju-
risdictions are far from harmonious.   Our own cases fairly
support the judgment below, and we think the trend of mod-
ern authority is in the same direction.   A leading case on
the subject of fixtures is *Teaff v. Hewett,* 1 Ohio St. 511

(59 Am. Dec. 634), where it is said: "The true criterion
of a fixture is the united application of the following requi-
sites: Actual annexation to the realty, or something appur-
tenant thereto. (2) Application to the use or purpose to
which that part of the realty with which it is connected is
appropriated. (3) The intention of the party making the
annexation to make a permanent accession to the freehold."
The united application of the three requisites named was
considered by this court in the case of *The Ottumwa Woolen
Mills Co. v. Hawley,* 44 Iowa, 57, and it is there said, speak-
ing of such requisites: "The first, being physical attach-
ment, all the cases hold is a very uncertain and unsatisfactory
criterion, and in our opinion the only value to be attached to
it is in determining the intention of the owner of the freehold
in making the annexation." The conclusion reached in that
case was that "the intention of the party making the annexa-
tion to make a permanent accession to the freehold" was the
controlling consideration in determining the whole question,
and that "the character of the physical attachment, whether
slight or otherwise, and the use, are merely important in
determining the intention of the party making the annexa-
tion." In *Fletcher v. Kelly,* 88 Iowa, 475, Judge Kinney,
speaking for the court, said: "The trend of modern de-
cisions is that, subject to the manner of annexation to the
realty, and to the use and purpose of the realty with which
the thing in controversy is connected, its character as a
fixture or not is to be determined by the intention of the
party making the annexation." The subject was again dis-
cussed in *Thomson v. Smith,* 111 Iowa, 718, and the same
general rule adhered to. See, also, *Congregational Society
v. Fleming,* 11 Iowa, 533.

It is the undoubted holding of these and others of our
own decisions that the intention of the party making the
annexation is the question of controlling importance in all
cases of this kind, and that physical attachment need be of
no particular kind or degree, and that any annexation which,

however slight it may be, indicates the intent, is sufficient to meet the demands of the rule. In 19 Cyc. 1036, attention is called to the diversity of opinion on the question, and it is said: "But as physical annexation of a chattel alone is not always necessary to its becoming part of the realty, and as physical annexation alone does not necessarily make a part of the realty, but in either case other circumstances may combine to prevent the one or the other, it is believed that the true rule is that articles not otherwise attached to the realty than by their own weight are *prima facie* personalty, and articles affixed to the land in fact, although only slightly, are *prima facie* realty, and that the burden of proof is on the one contending that the former is realty or the latter is personalty." It seems to us that such a rule would more nearly cover all cases than any other, and that under it the actual intent would always be the controlling question, regardless of where the burden of proof rested. This controlling intention is that which the law deduces from all the circumstances of the annexation, and not the secret intention with which it is annexed. In the instant case the defendant owned an incomplete and unfinished building. He bought and placed therein the material fitted and necessary for the completion thereof, and with the intent to so use it. He did not finish the building before he sold it with the land on which it stood, and, when he sold, the material was still in the building; and, while it was only annexed thereto by its location and its own weight, we think it passed with the conveyance. The following cases in other jurisdictions sustain this view: *Byrne v. Werner,* 138 Mich. 328 (101 N. W. 555, 69 L. R. A. 900, 110 Am. St. Rep. 315); *McLaughlin v. Johnson,* 46 Ill. 163; *Hackett v. Amsden,* 57 Vt. 432; 1 Kerr on Real Prop. 154. And see cases cited in 19 Cyc. 1036, 1045.

We think the demurrer rightly overruled, and the judgment is *affirmed.*