EUGENE R. BASSETT *vs.* JOHN P. BREEN.

Androscoggin.    Opinion October 7, 1919.

*General rule bearing on the question of the admissability of parol testimony to vary or contradict the terms of a written contract.*

The written contract between the parties is complete in its terms; purports to include all stipulations between the parties, and particularizes the items included; the articles in question are of such kind, that the omission to include them in the particularization indicates that they were not agreed upon as included in the trade.

Evidence of conversations between the parties, during their negotiations, before the agreement was signed, offered for the purpose of showing that the chattels in question were included in the property purchased for the consideration named, was rightly excluded.

The case does not fall within the exception to the parol evidence rule as stated in *Gould* v. *Boston Excelsior Co.,* 91 Maine, 214, 220, and *Vumbaca* v. *West,* 107 Maine, 130, 133.

Evidence of declarations of the agent of the plaintiff to sell the property made prior to the date of the written agreement, as to whether the articles in question were to go to the purchaser in the trade were also rightly excluded.

The law of fixtures has no application to the case. The articles in question had not been annexed to the reality; they were unwrought material.

Action of trover to recover the value of certain lumber and building materials on lot of land sold by plaintiff to defendant. Defendant filed plea of general issue. Verdict for plaintiff in the sum of $35.42. To the rulings of the court relative to the admission of certain evidence offered by defendant and excluded by the court exceptions were filed. Exceptions overruled.

Case stated in opinion.

*Benjamin L. Berman,* for plaintiff.

*Robert J. Curran,* for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

MORRILL, J. On the 22d day of July, 1918 the parties entered into a written agreement of the following tenor:

"Memorandum of agreement by and between John P. Breen of Lewiston, Me., and E. R. Bassett of Lisbon, Me. Whereby Mr. Bassett agrees to sell and Mr. Breen agrees to buy Mr. Bassett's land and buildings on Wellman Street, Lewiston.

The land to include five lots 50 x 120, house, 3 hen houses, and shed.

Consideration of this sale to be nine hundred dollars payable twenty five on this date, seventy-five July 27, 1918. Three hundred dollars within 30 days on delivery of a satisfactory deed. Balance of Five hundred dollars to remain on a mortgage at 6%.

Dated this 22nd day of July, 1918.

Signed—E. R. BASSETT.<br>Signed—JOHN P. BREEN.

Witness—GUY E. FLAGG."

Later the sale was completed by delivery of a deed of the property. At the date of the agreement certain chattels were upon the premises and were taken by defendant under claim of title. The plaintiff now brings trover for the value of the chattels and has a verdict.

At the trial the defendant offered evidence of conversations between the parties, during their negotiations, before the agreement was signed, for the purpose of showing that the chattels in question were included in the property purchased for the consideration named. The presiding Justice excluded the evidence. The ruling was correct and in harmony with the general rule that parol evidence cannot be received to contradict or vary the terms of a written contract; when parties put their contracts in writing, the writing must be considered as expressing the ultimate intentions of the parties to it, and in the absence of fraud, parol evidence is not admitted to alter or modify the terms or legal effect of it. All prior negotiations, or so much of them as the parties see fit, are merged in the written contract.

The contract is complete in its terms; purports to include all stipulations between the parties, and particularizes the items included; the articles in question are of such kind that the omission to include them in the particularization indicates that they were not agreed upon as included in the trade. The case does not fall within the

exception to the parol evidence rule as stated in *Gould* v. *Boston Excelsior Co.,* 91 Maine, 214, 220, and *Vumbaca* v. *West,* 107 Maine, 130, 133.

The law of fixtures, discussed in defendant's brief somewhat extensively, has no application here. The articles in question had not been annexed to the realty; they were unwrought material; the blinds, two door-frames and two window-frames had not been fitted and put in place in the unplastered house.

The questions put to the real estate agent, Mr. Flagg, were also rightfully excluded. There is no evidence that Flagg was the agent of the plaintiff to sell this property prior to July 22, 1918. But irrespective of the form of the questions, any prior statements of Flagg, as to what the real estate included or whether the articles in question were to go with the real estate, were merged in the written contract which specified the property included.

*Exceptions overruled.*