CRUMBLEY GROCERY CO. *v.* FERGUSON.

(Division B. March 9, 1931. Suggestion of Error Overruled March 23, 1931.)

[132 So. 737. No. 29286.]

Jas. T. Welch and Welch & Cooper, of Laurel, for appellant.

**J. R. Buchanan**, of Laurel, for appellant.

**A. S. Scott**, of Laurel, for appellee.

Argued orally by **J. R. Buchanan**, for appellant, and **A. S. Scott**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The Crumbley Grocery Company, a corporation, sued out a writ of .replevin for certain property alleged to be wrongfully detained by H. F. Ferguson in district No. 2 of Jones county, Mississippi. The property described in the affidavit was: ''3 Wooden Store Counters each about 8 ft. long, 2½ ft. high & 2 ft. wide, stained dark, each of the value of $15.00. 1 Wooden Store Counter about 8 Ft. Long, 2½ ft. high & 2 wide, not stained, of the value of $10.00. 1 Panel Shelving, dark stained, 6 tiers, about

7 ft. high, 24 ft. long & 4 brims attached to run, dark stained, of the value of $50.00. 1 Panel Shelving about 35 ft. long, 8 ft. high, containing 10 tiers, dark stained, of the value of $50.00, the same being the fixtures used by W. R. Edwards in his store on Cross St., in the City of Laurel, & now located in said store, of the value of $50.00." The writ was issued, and the officer returned that he had taken possession of property and stored it in the W. R. Edwards old store. The justice of.the peace held in favor of the defendant, and the case was appealed to the county court, where it was tried upon an agreed statement of facts. The facts pertinent to this decision are that W. R. Edwards acquired title in fee simple to a certain described lot in the city of Laurel in Jones county, and placed a brick building thereon "for the purpose of operating a general mercantile business therein;" that, after the completion of the said building, he purchased or made and placed in the building, solely for use in connection with his general mercantile business, three wooden store counters each about eight feet long, two and one-half feet high, and two feet wide, stained dark, one wooden store counter about eight feet long, two and one-half feet high, and two feet wide, not stained, one panel shelving, dark stained, etc. (describing the property as above recited), and that W. R. Edwards conveyed to the defendant, Ferguson, by warranty deed, describing by metes and bounds the real property above described; and that thereafter, until February, 1930, W. R. Edwards, the grantor of Ferguson, continued to occupy the said store building as lessee of the defendant, Ferguson, and operated his general mercantile business therein and used the property replevied in said store, and that Edwards caused the property replevied to be assessed to him on the personal assessment rolls of the county and state, and paid taxes thereon for two years, and that the property described in the affidavit was not assessed as such to the defendant, Ferguson; that in Feb-

ruary, 1930, W. R. Edwards was adjudicated a bankrupt; that on the 2d day of May, 1929, after the conveyance to Ferguson and before the bankruptcy, Edwards executed a deed of trust to the Crumbley Grocery Company, in which the property replevied herein was described and attempted to be conveyed. It was further agreed that the property replevied herein was not affixed or attached to the floor or the walls of the said store building, but that the property was securely and firmly fastened upon a base that rested upon the concrete floor, and the property replevied herein could be removed without physical injury to the store building or without injury to the property replevied.

It was further agreed before the sale of the property by Edwards to the defendant that he was indebted to the First National Bank of Laurel in the sum of two thousand dollars, and executed a deed of trust to the said bank conveying the real property described in the suit as security for the said indebtedness, that the store building was covered by a policy of insurance, and that the property replevied was covered by said policy, and was held by the First National Bank with a loss payable clause to it. It was further agreed that all necessary jurisdictional facts should stand as proven, and that the sole question presented here for decision is the title to the property replevied passed to the defendant, Ferguson, by warranty deed of Edwards.

The county court rendered judgment in favor of the Crumbley Grocery Company on this agreed statement of facts, and the cause was appealed to the circuit court, where the county court was reversed, and the cause remanded to the county court, with directions to enter the proper judgment for Ferguson, which it did. From this judgment another appeal was prosecuted to the circuit court, and there affirmed, from which judgment of the circuit court this appeal is prosecuted.

In Richardson v. Borden, 42 Miss. 71, 2 Am. Rep. 595, the rule is stated that, in determining whether a chattel is so annexed to the freehold as to become a fixture, reference must be had to the nature of the chattel itself, the position of the party placing it where found, the probable intention in putting it there, the injury that would result from its removal, and the object of the party in placing it on the premises with reference to trade, agriculture, or ornament. There it was held that, as between vendor and vendee, mortgagor and mortgagee, executor and heir, all things which are necessary to the full and free enjoyment of the freehold, and which are in any way attached to it, are held to be fixtures. As between landlord and tenant, the rule is much more liberal in favor of the tenant. Applying this rule to the agreed statement of facts, wherein it was stipulated that the property embraced in the replevin was put in the store building ''solely for use in connection with his said general mercantile business,'' shows that the counters and shelving were placed in the store building in connection with it and as a part of it for all purposes. In other words, the intention of the party in placing the counters and shelving in the store was that they should become a part of the store as used in the conduct of business therein. When Edwards conveyed to Ferguson the lot and store building, we think he conveyed, as part of the realty, the counters and shelving and the property embraced in the replevin suit. As between vendor and vendee, the sale of a storehouse and lot, as such, will carry with it such things as counters and shelving and other things which are permanently connected with the business and necessary to it. A different rule applies as between landlord and tenant; the tenant, in order to enjoy his lease, may put things in the building that make the use thereof more profitable, and may remove such things when the lease terminates.

In Owings v. Estes, 256 Ill. 553, 100 N. E. 205, 43 L. R. A. (N. S.) 675, it was held that a sale for partition will pass title to showcases, racks, and hangers attached by the owner of the building to aid in the prosecution of his business, with the intention that they shall become permanently a part of the building. To this opinion in the L. R. A. report a case note is attached, in which authorities upon the subject of shelving, etc., as fixtures are collated and grouped under the various headings, showing the relation of parties. Under the heading "As between vendor and vendee," we find the following: "The following articles, under the circumstances indicated, have been held fixtures as between vendor and vendee or grantor and grantee:—shelves nailed to a storehouse, cumbersome counters and tables unattached to the realty, all of which were to be permanently used, and were adopted to increase the value of the storehouse, and to effect its obvious purpose. No stress was placed on the question whether the articles were removable without any injury. Brigham v. Overstreet, 128 Ga. 447, 10 L. R. A. (N. S.) 452, 57 S. E. 484, 11 Ann. Cas. 75;—shelves, drawers, and countertables put in to fit a building for a retail dry goods and grocery store, and all annexed to the realty, notwithstanding that the tables had been moved about in the store, where the articles were made to fit the building, and, when removed, the shelves certainly, and the drawers and countertables probably, were little better than so much lumber. Tabor v. Robinson, 36 Barb. [N. Y.] 483;—a chest of drawers set in a casing in a house, notwithstanding a previous executory bargain as to the drawers, with another. Connor v. Squiers, 50 Vt. 680;—shelving made in sections, each section screwed to a bracket affixed to the walls by the owner, although the whole was readily removable without any damage. Stack v. T. Eaton Co., 4 Ont. L. Rep. 335, 1 Ont. Week. Rep. 511, 22 Can. Law Times Occ. N. 322. But in Griffin v. Jansen, 19 Ky. Law Rep. 19, 39 S. W. 43, the purchaser of prem-

ises in which a saloon, grocery store, and meat market were conducted, was held not entitled to counters and a meat rack, notwithstanding the fact that the purchaser intended to continue the same business, where it did not appear that any of these articles were affixed to the realty, and they were neither mentioned in the deed nor contracted for orally. In Taylor v. Plunkett, 4 Pennewill (Del.) 467, 56 A. 384, where a verdict was given for the grantee in a deed, the court charged the jury that 'a conveyance of real estate carries with it to the grantee the ownership of such articles as were then actually fixed or fastened to the freehold—as, for example, bakers' tables, trays, etc., fastened to the building by nails,—and such articles so affixed to the freehold were a part thereof, and could not, after such conveyance, be seized under execution as personal property of the grantor.' "

We think that the circuit court was correct in its judgment upon the agreed statement of facts, and the judgment is affirmed.

Affirmed.