## Brinton et vir v. Horn et ux.

*Goodyear & Friedman,* for plaintiffs.
*R. L. Myers, Jr.,* for defendants.

REESE, P. J., January 6, 1947.—In this action of assumpsit plaintiffs seek to recover from defendants the balance alleged to be due on account of the purchase price of certain premises conveyed by plaintiffs to defendants. To the statement of claim defendants have filed an affidavit of defense, which avers new

matter designated as a counterclaim. Plaintiffs have entered a rule for judgment for want of a sufficient affidavit of defense, in which they attack the legal sufficiency of the affidavit of defense and of the new matter or counterclaim.

Where defendant files an affidavit of defense and avers new matter, and plaintiff deems defendant's answer to be insufficient, the proper practice is to file a reply raising questions of law to new matter, with a rule for judgment for want of a sufficient affidavit of defense: Bertolet v. Lanard, 135 Pa. Superior Ct. 245; National Realty Appraisal Co. v. Art Club of Philadelphia, 129 Pa. Superior Ct. 99. While plaintiffs herein have not followed this practice exactly, they have attacked the legal sufficiency of the affidavit of defense as well as of the new matter and, as in the case last cited, we can consider plaintiffs as having followed the proper practice.

Briefly, the pleadings reveal the following facts: On May 28, 1946, plaintiffs entered into a written contract with defendants to convey to the latter certain property owned by plaintiff, Mrs. Brinton, and described in the contract as "that certain partly finished dwelling and any other out-buildings situate on a lot of ground containing approximately 14 acres . . ." Defendants agreed to and did pay $580 upon the signing of the agreement, and agreed to pay the balance of $5,220 on or before August 1, 1946, when deed and possession were to be delivered.

On August 1st plaintiff, Mrs. Brinton, executed a deed to the premises and on August 6, 1946, the deed was executed by plaintiff, Walter L. Brinton, and was recorded on the same date. Defendants did not pay the balance of $5,220, but offered to pay the sum of $3,706.95, claiming that they were entitled to certain credits, viz.: $580.18, paid by defendants to satisfy a judgment lien on the premises; $4.87, representing

the pro rata share of plaintiffs for 1946 taxes, and an additional sum of $1,000, the value of certain lumber removed from the premises by plaintiffs. Plaintiffs admit that defendants are entitled to a credit for the amounts paid out by defendants in satisfaction of the judgment lien and for 1946 taxes, but contend that defendants are not entitled to any credit for the value of the lumber. When the agreement of sale was executed there was in the course of construction upon the land a two-story stone and frame dwelling, in which there was piled a quantity of rough-sawed and unfinished lumber, ultimately intended for use in the completion of the dwelling, and defendants contend that it was the intention and understanding of the parties that the lumber was included in the sale and conveyance of the property.

The contention of defendants in this respect cannot be sustained on the theory that the lumber constituted a fixture. In 1 Thompson on Real Property, p. 256, it is set forth that it is the weight of authority that where articles are brought on land with the intention of annexing them, such articles are considered personal property so long as they remain unannexed. In Blue v. Gunn, 114 Tenn. 414, 87 S. W. 408, it was held that commercial finishing material, such as doors, mantels, casings, etc., not specially made for a building, available for use in any building, and not mentioned in a conveyance of the property, does not constitute fixtures which pass to a purchaser of a property. The court said (p. 418):

". . . the question as to the necessity of actual attachment has also arisen as to articles which have not been annexed to the land, but have merely been brought on or near to the land with the intention of annexing them. The great weight of authority is that such articles are still to be considered as chattels."

In Cook v. Whiting, 16 Ill. 480, it was held that hewed timbers and posts brought on a farm with the

intention of incorporating them in a granary, did not constitute fixtures and did not pass with a deed of the premises to the purchaser. In Carkin v. Babbitt, 58 N. H. 579, it was held that lumber brought on the premises to rebuild a burned house did not pass as fixtures to the purchaser thereof. The court said that "a mere unexecuted intention of future use is not sufficient" to make chattels part of the realty. In Peck v. Batchelder, 40 Vt. 233, the court held that windows and blinds on the premises, but not yet annexed thereto, did not pass to a purchaser as part of the realty. In Bassett v. Breen, 118 Me. 279, 107 Atl. 832, a case very similar to the one now before us, the court held that unwrought lumber, blinds, doorframes, window frames, on the premises but not yet annexed thereto, although intended ultimately for use in the partially finished dwelling, did not pass to a purchaser as part of the realty.

While the foregoing represents the weight of authority, there are contrary decisions. In Bryne v. Werner et al., 138 Mich. 328, 101 N. W. 555, it was held that cut stone and structural iron belonging to the owner of a partially completed building, secured by him for use in the building, and lying on the lot, passed by the owner's deed of the lot containing the building. In Rahm v. Domayer, 137 Iowa 18, 114 N. W. 546, certain finished lumber, doors and transoms were piled in a building for the purpose of completing it. It was held that the articles passed as fixtures to the purchaser of the unfinished building. It will be noted that in both of these cases the articles involved had been specially prepared for use in the building. In the case before us the lumber was rough-sawed and unfinished.

What little authority can be found in Pennsylvania seems in entire accord with the weight of authority. In Johnson et al. v. Mehaffey, 43 Pa. 308, it was held

that rolls cast for a rolling mill in the mill premises more than two years without being turned or finished off or put into the mill, did not pass to the purchasers as realty. The court said (p. 309) :

"No doubt they (the rolls) were *intended* to be made part of the mill, but we do not see how we can take the intention, without fact, in order to declare what constitutes the mill. If we do, then the sale of a half-built or half-ruined house would include all of the materials provided for its completion or repair."

In Maxwell v. Willard, 1 W. N. C. 355, it was held that certain lumber and millwork delivered on the premises for the purpose of being used on the building did not constitute part of the realty. The court said:

"We do not know of any decision which treats materials . . . in the condition of this as fixtures. The roller cases (Voorhis v. Freeman, 2 W. & S. 116, and Pyle v. Pennock, Id. 390) are the nearest to it; but neither of them go so far as to include raw materials not yet used at all in the building."

In Big Beaver Creek Corp. v. Beaver County, 37 Pa. Superior Ct. 250, 253, the court said:

"The mere intention to attach, at sometime in the future, raw materials, which have not been especially prepared, to a building or structure, to which they have never been attached and in connection with which they have never been used, is an entirely different matter. The intention with which something has been done is to be considered, but when nothing has been done, the unexecuted intentions of the parties can have no weight, in determining whether a chattel has become real estate: . . ."

In that case it was held that unfinished lumber owned by a bridge company and stored near the bridge ultimately for bridge purposes, did not pass to the purchaser of the bridge.

We conclude, therefore, that the lumber in the case before us retained its character as personal property and did not pass as fixtures as part of the realty. Defendants contend, however, that even if this is so, that it was the intention and understanding of the parties at the time of the agreement to sell that the lumber should be included. The written contract provided for the sale of a "partly finished dwelling" and the deed described the dwelling house as "an unfinished mountain-stone house". Neither the contract nor the deed mentions the lumber. Defendants contend that parol evidence would be admissible to show that it was the intention and understanding of the parties that the lumber was to be included, because such evidence is necessary to determine the meaning of the terms "partly finished dwelling" or "unfinished mountain-stone house".

On the contrary, it seems to us that the terms used in the contract and in the deed are clear and unambiguous, and that which is plainly expressed cannot be overcome or modified by saying that some unexpressed intention has been omitted. In National Realty Appraisal Co. v. Art Club of Philadelphia, 129 Pa. Superior Ct. 99, 105, the court said:

" 'The intention of the parties is to be deduced from the language employed by them, and the terms of the contract, where unambiguous, are conclusive, in the absence of averment and proof of mistake, the question being, not what intention existed in the minds of the parties, but what intention is expressed by the language used. When a written contract is clear and unequivocal, its meaning must be determined by its contents alone; and a meaning cannot be given it other than that expressed. Hence words cannot be read into a contract which import an intent wholly unexpressed when the contract was executed': 13 Corpus Juris 524, 525."

Moreover, any parol evidence offered by defendants would alter the contract or deed and in the absence of any allegation of fraud, accident or mistake would violate the parol evidence rule. Where the terms of a contract are put in writing, complete within itself, and couched in such terms as to disclose a complete legal obligation, without any uncertainty as to the object or extent of the engagement, it is conclusively presumed to represent the whole contract of the parties to the extent and manner of their undertaking. The test to determine whether an alleged parol agreement, by which it is proposed to modify the expressed understanding, comes within the field embraced by the writing, is to compare the two and determine whether the parties, situated as were the ones to the contract, would naturally and normally include the one in the other if it were made: Wagner v. Marcus, 288 Pa. 579; Bryant v. Bryant et al., 295 Pa. 146, 153. The parol evidence rule applies to deeds: Detwiler v. Coldren, 311 Pa. 44; and where the meaning of a deed is apparently clear and is not ambiguous, evidence offered to show that some unexpressed intention should nevertheless be given effect, is properly excluded: Brolasky's Estate, 309 Pa. 30, 42.

One of the cases hereinabove cited, Bassett v. Breen, 118 Me. 279, 107 Atl. 832, is very similar to the case before us. In that case, as in the instant case, there was an agreement to sell premises on which there was an unfinished dwelling and later the sale was completed by delivery of a deed. At the date of the agreement there was on the premises some unwrought lumber, blinds, door frames and window frames, intended to be used in the completion of the dwelling. Neither the contract nor the deed made any mention of these articles. The court held that because the articles had not yet been annexed to the realty, they were not fixtures and did not pass with the realty. The court

also held that both the contract and the deed were complete in their terms, purported to include all stipulations between the parties and that evidence of conversations between the parties and statements by a real estate agent during negotiations were not admissible to show that it was the intention and understanding that the articles were to pass with the premises.

Only one question remains. Defendants contend that they should not pay interest on any sum found to be due by them. As hereinabove set forth, they offered to pay $3,706.95. Under the law, as we view it, the affidavit of defense and the new matter or counterclaim are legally insufficient to prevent judgment for the full amount claimed, viz., $5,220, except as to the sum of $513.05, being the amount expended by defendants to satisfy a judgment lien and taxes. The affidavit of defense and new matter or counterclaim are legally insufficient as to the value of the lumber. It follows, therefore, that the pleadings reveal that plaintiffs are entitled to judgment in the amount of $4,706.95. The balance due by defendants was payable at the time of the delivery of the deed. Where money is payable by agreement of the parties and a time is fixed for the payment of it, this constitutes a contract to pay the money at the time fixed and to pay interest on it from the given day, in case of failure to pay at that day. A bona fide dispute as to the amount of the indebtedness is no bar to the accruing of interest and if a tender falls short of the sum found to be due at the time of tender, interest runs on the whole: Cope Hotels Co. et al. v. Fidelity Phenix Fire Ins. Co., 126 Pa. Superior Ct. 260. Where, as here, a plaintiff insisted on too much and defendant offered too little, there is a necessity for a suit and plaintiff is entitled to interest on the amount found to be due him: Niland v. Gile, 99 Pa. Superior Ct. 107. It follows, therefore, that plaintiffs are entitled to

judgment in the amount of $4,706.95, with interest thereon from August 6, 1946, or a total of $4,824.62.

And now, January 6, 1947, the rule entered by plaintiffs for judgment because of the legal insufficiency of the affidavit of defense and the new matter or counterclaim, is made absolute, and judgment is hereby entered in favor of plaintiffs and against defendants in the sum of $4,824.62.